IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GLEN LEE SYMPSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv426 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Glen Lee Sympson, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In 2016, movant was convicted of assault resulting in serious bodily injury. He was sentenced to 96 months of imprisonment. Movant did not appeal his conviction or sentence.

Movant previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 challenging his conviction. The motion to vacate was dismissed on the merits. *Sympson v. United States*, No. 1:16cv224 (E.D. Tex. Aug. 10, 2019).

Discussion

Pursuant to 28 U.S.C. § 2255, a second or successive motion to vacate may only be entertained by a district court if it has been certified by the appropriate court of appeals to be based on either: (1) newly discovered evidence that if proven would prevent any reasonable factfinder from finding the movant guilty of the offense charged or (2) a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

Movant is challenging the conviction described above. As also described above, movant previously filed a motion to vacate, set aside or correct sentence challenging that conviction. The prior motion to vacate was dismissed on the merits. Accordingly, movant must receive permission

from the United States Court of Appeals for the Fifth Circuit before proceeding with a second motion to vacate. As movant does not state the Fifth Circuit has granted him such permission, the current filing should be dismissed as successive. The dismissal should be without prejudice to movant's ability to seek permission from the Fifth Circuit to file a successive motion to vacate.

### Recommendation

This motion to vacate, set aside or correct sentence should be dismissed without prejudice as successive.

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

A party's failure to timely file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service of the report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 6th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge