IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GLEN LEE SYMPSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv426 |
| UNITED STATES OF AMERICA | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING<br>THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Glen Lee Sympson, proceeding *pro se*, filed the above-styled motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the motion to vacate be dismissed without prejudice as successive.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Movant was previously convicted of assault resulting in serious bodily injury. In 2016, he filed a motion to vacate, set aside or correct sentence challenging this conviction. That motion to vacate was dismissed by the court on the merits. *Sympson v. United States*, 1:16cv224 (E.D. Tex. Aug. 10, 2019). Section 2255 provides that a second or successive motion to vacate may only be considered if the movant has received permission from the court of appeals to proceed. As movant was challenging the same conviction he challenged in 2016, the Magistrate Judge concluded the current motion to vacate was successive.

In his objections, movant primarily relies on *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000). In that case, a motion to vacate, set aside or correct sentence was granted to the extent that the movant was permitted to file an out-of-time appeal. After his conviction was

affirmed, the movant filed a second to motion to vacate.  Some of his grounds for review related to his conviction and sentence, while others concerned his out-of-time appeal.  The United States Court of Appeals for the Fifth Circuit concluded that to the extent movant was complaining about his conviction and sentence, his second motion to vacate was successive because, as the facts underlying those grounds for review had occurred before the first motion to vacate was filed, these grounds for review could have been raised then.  However, his grounds for review relating to his out-of-time appeal were not successive because the facts underlying these claims had not occurred when the first motion to vacate was filed.

This case is distinguishable from *Orozco-Rameriz*.  In this case, movant, unlike the movant in *Orozco-Ramirez*, was not granted relief in a prior motion to vacate, set aside or correct sentence.  Movant did not have an out-of-time appeal during which additional grounds for review could have arisen.  All of the facts underlying movant's grounds for review had occurred when his first motion to vacate was filed.  As a result, the Magistrate Judge correctly concluded this motion to vacate is successive.

## ORDER

Accordingly, movant's objections [Dkt. 3] are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the Magistrate Judge [Dkt. 2] is ADOPTED.  A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the Court is of the opinion movant is not entitled to a certificate of appealability.  An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the movant need not demonstrate that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason,

that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolve in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, movant has not shown that the issue of whether his motion to vacate is successive is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 20th day of December, 2022.**

_____
Michael J. Truncale
United States District Judge